

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

MRM/APW/KCM
F. #2020R00784

*610 Federal Plaza*
*Central Islip, New York 11722*

February 7, 2026

By ECF

The Honorable Joan M. Azrack
United States District Judge
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11201

      Re:    United States v. Akeem Chambers, et al.
             Criminal Docket No. 23-157 (S-3) (JMA)

Dear Judge Azrack:

      The government respectfully submits this letter in opposition to defendant Vazquez's motion in limine, joined by defendants Chambers and Shaw, filed February 6, 2026, in which the defendants seek to strike and exclude "grave desecration video and related exhibits."[1] See ECF Doc. No. 420, at 1. The defendants cite Federal Rule of Evidence 403 as the basis for preclusion.[2]

---

[1] The exhibits offered by the government, and admitted at trial without objection by the defendants (hereinafter the "challenged exhibits"), consist of: (1) GX 459, a photo of Joecephus Vanable's ("Scooter") headstone and gravesite; (2) GX 449.5, a video clip of defendant Vazquez smashing a glass bottle on Scooter's headstone with the caption "Scooter's Crib"; (3) GX 449.32, a video of Vazquez (apparently filmed by Vazquez) spitting on Scooter's grave, and Vazquez saying "every opp shot"; (4) GX 449.38, a video of an individual kicking Scooter's grave while Vazquez is saying "kick that shit"; and (4) GX 392, a video (from a different camera angle) of the same incident depicting Jalen Rogers ("Drama") attempting to urinate on Scooter's headstone, stealing a football from the gravesite, FaceTime calling a rival to show the stolen football, and at 3:41-3:42 of the video, showing Vazquez driving the vehicle.

[2] To the extent that the defense continues to rely upon United States v. Sampson, 385 F.3d 183 (2d Cir. 2004), in support of their arguments related to racketeering evidence in this case, their reliance is extremely misplaced. Sampson is not a racketeering case at all. Instead, Sampson addresses 404(b) evidence in a narcotics case.

Because the challenged exhibits were properly admitted, have extreme probative value and lack any unfair prejudice, the defendants' motion should be denied in its entirety.

I. <u>Applicable Law</u>

Federal Rule of Evidence 403 excludes evidence only where the danger of unfair prejudice substantially outweighs its probative value. As the Second Circuit has explained, evidence is not unfairly prejudicial merely because it is harmful to the defense. <u>United States v. Roldan-Zapata</u>, 916 F.2d 795, 804 (2d Cir. 1990). "Evidence is unduly prejudicial only when it tends to have some adverse effect upon a defendant beyond tending to prove the fact or issue that justified its admission into evidence." <u>United States v. Kadir</u>, 718 F.3d 115, 122 (2d Cir. 2013). As the Supreme Court has instructed, "[w]hile an important element of a fair trial is that a jury consider only relevant and competent evidence bearing on the issue of guilt or innocence, a fair trial does not include the right to exclude relevant and competent evidence." <u>Zafiro v. United States</u>, 506 U.S. 534, 540 (1993). Furthermore, where the content of the evidence "did not involve conduct more inflammatory than the charged crime," it is generally not unduly prejudicial. <u>United States v. Paulino</u>, 445 F.3d 211, 233 (2d Cir. 2006).

II. <u>Discussion</u>

As an initial matter, the defendants' contention that the Court did not conduct the requisite balancing test under Rule 403 is utterly without merit for two reasons. First, the parties extensively briefed the issue in prior in limine motions. Accordingly, the Court was plainly aware of the parties' positions on the challenged exhibits' probative value. Second, the defendants did not raise an objection to the challenged exhibits when the government offered the challenged exhibits into evidence. Instead, the defendants waited until after their admission and display to the jury to begin to lodge objections.[3]

---

[3] Prior to the government offering the challenged exhibits, when addressing the defendants' blanket objections to the relevance and potential cumulative nature of certain items of evidence, including the challenged exhibits, the following exchange took place:

> Mr. Maffei: Again, I think at this point, they should raise additional objection at the time it is offered, if it is a specific objection. Their blanket objection to the exhibits was to relevance and cumulative, and I believe the testimony laying the foundation will establish that.
>
> The Court: I didn't have an issue with relevance. I thought there might be some issue with cumulative, but I would -- that's -- I can't decide that until I see what you put in. Let's do it that way.

Transcript of Trial, February 4, 2026, at 770.

Here, defendant Vazquez is charged with the November 16, 2016, murder of Joecephus Vanable. (See Count One, Racketeering Act Two and Counts Three and Four.) Specifically, Vazquez, together with another Insane Crip Gang member, Matthew Martinez, also known as "Diablo," shot and killed Vanable because Vanable was associated with an opposing gang. Over the next several years, Vazquez and other members and associates of the Insane Crip Gang, including defendant Chambers, routinely mocked their rivals about this murder of a rival (and others), including by making and distributing videos where they mocked Scooter and desecrated Scooter's grave. For these reasons, the challenged exhibits are certainly relevant and probative on the issues of existence of the Insane Crip Gang and Vazquez's membership in that criminal organization.

The defense's suggestion that the extent of the probative value of the challenged exhibits ends with its value as proof of a racketeering enterprise completely ignores the actual purpose for the challenged exhibits- namely, the challenged exhibits are overwhelmingly probative as direct evidence of Vazquez's participation in the murder that caused Scooter to be in a grave in the first place.

Vazquez's desecration of Scooter's grave in the years that followed his murder of Vanable is highly probative of his intent, motive and consciousness of guilt in committing the November 16, 2016 murder. This conduct demonstrates that Vazquez had no remorse for his role in Vanable's death. Indeed, it demonstrates the exact opposite of remorse, Vazquez celebrates the death of his victim. This evidence clearly demonstrates that Vazquez's participation in the murder of Vanable was intentional, not something accidental or for which he was merely present. The government must prove Vazquez's intent beyond a reasonable doubt; and his intent is a material issue that the jury must resolve. Similarly, Vazquez's efforts to celebrate the death with fellow gang members and create videos used to taunt rivals is extremely probative to demonstrate that he participated in the murder for gang related purposes, another element the government must prove beyond a reasonable doubt.

Further, beyond demonstrating the existence of the Crips enterprise and Vazquez's membership in that enterprise, there is additional probative value of the challenged exhibits. The challenged exhibits display Insane Crip gang members desecrating Vanable's grave and celebrating his death with Vazquez, which serves as direct evidence of the Crips goals of killing rival gang members. The fact that the videos in the challenged exhibits are made several years after the murder demonstrates the Vazquez's continued membership and approval of the murder, as well as its continued desire to taunt and kill rival gang members. These videos serve to establish that Scooter's murder was not an isolated act, but part of a continued pattern of violence and intimidation by the Crips.

Accordingly, the probative value of the challenged exhibits is extremely high.

Turning to what, if any, undue prejudice is created by the challenged exhibits, the government submits that there is none. First, the challenged exhibits were created by Vazquez. The videos amongst the challenged exhibits are how defendant Vazquez chose to display himself. This evidence is not, for example, uncorroborated testimony of a witness alleging a bad act; this

evidence is a defendant documenting himself engaging in the conduct. The mere fact that the evidence is being offered against him does not render his own conduct unfairly prejudicial. Next, while the behavior of Vazquez and his fellow gang members at Scooter's grave is utterly vile at a human level, through the prism of Rule 403 analysis, the conduct is relatively benign. Vazquez and his lackeys kick and spit on a headstone, and while it is certainly disturbing, this jury has seen and will see far more violent conduct. For example, the jury has already heard from Gabrielle Ulloa that Vazquez stuck a gun in her face in her driveway and robbed her at gunpoint. The jury has heard from Juliasia Vanable and Todd Brant that Vazquez participated in killing Vanable.

The defendants cannot seriously suggest that evidence establishing spitting and kicking a person's headstone is more inflammatory than evidence establishing that you participated in the killing of that person. Clearly the content of the challenged exhibits "did not involve conduct more inflammatory than the charged crime," and therefore cannot be said to be unduly prejudicial. Paulino, 445 F.3d at 233. Going further, this evidence is also not more inflammatory than other evidence the jury will see related to Vazquez, including video of Vazquez shooting rivals and shooting at police officers.

Finally, Chambers and Shaw face no undue prejudice from the challenged exhibits. First, Chambers is a member of the conspiracy to kill rivals, including Scooter, and has used Scooter's death to taunt rivals. The probative value of the challenged exhibits set forth above, as it pertains to the Crips enterprise, equally applies to Chambers as it does to Vazquez. Second, each defendant is charged with murder and other extremely violent crimes. Chambers is charged with the murder of an innocent woman in connection with a drive by shooting (Thiasia Williams), participating in a robbery which resulted in the death of a non-participant (James Diamond), and the point-blank intentional shooting death of a man in Brooklyn, New York (Malik Delima). Chambers is also charged with approximately a dozen shootings, whose victims include another innocent woman struck by gunfire, an individual who was paralyzed and a shooting on a public highway. The jury has already heard this evidence, which depicts far more violent and upsetting conduct than spitting or kicking a headstone. Similarly, defendant Shaw is charged with aiding and abetting the murder of Delima and orchestrating a kidnapping and robbery of a woman outside her residence. Indeed, the jury has already seen video of the victim being abducted at gunpoint by three men and evidence that she was restrained and blindfolded. The jury has also heard her testimony. Such evidence is far more violent and upsetting than kicking or spitting on a headstone. Further, the Court has already given a clear limiting instruction which will further insulate Shaw and Chambers from any potential undue prejudice.

In sum, while Vazquez's conduct at Scooter's grave depicted in the challenged exhibits is vile, despicable conduct, it is extremely relevant and probative as direct evidence of his participation in Scooter's murder, as well as relevant and highly probative evidence of the existence, membership and activities of the Crips enterprise. As to all defendants, the challenged exhibits do not involve conduct more inflammatory than the charged crimes and create no undue prejudice that isn't already cured by the Court's limiting instruction. Accordingly, the challenged exhibits are clearly admissible under Rule 403, and were properly admitted by the Court.

III.    Conclusion

For the reasons set forth above, the government respectfully requests that the Court deny the defendants' motion to exclude and strike the challenged exhibits in its entirety.

        Respectfully submitted,

        JOSEPH NOCELLA, JR.
        United States Attorney

By:    /s/
        Michael R. Maffei
        Andrew P. Wenzel
        Kaitlin C. McTague
        Assistant U.S. Attorneys
        (631) 715-7890

cc:    Clerk of the Court (JMA) (by ECF and email)
       Xavier Donaldson, Esq. (by ECF and email)
       Steve Zissou, Esq. (by ECF and email)
       Glenn Obedin, Esq. (by ECF and email)