# Steve Zissou & Associates

42-40 Bell Boulevard | Suite 302 | Bayside | New York | 11361 | 718.279.4500 | stevezissou@stevezissouesq.com

March 1, 2026

**BY ECF**

The Honorable Joan M. Azrack
United States District Court
100 Federal Plaza
Central Islip, New York 11722

> Re: *United States of America v. Akeem Chambers*, Case No. 23 Cr. 157 (JMA)

Your Honor,

Defendant Akeem Chambers, joined by defendants Jonathan Vazquez and Jerell Shaw, respectfully submits this letter motion in support of the objection initially raised at sidebar on February 26, 2026, to the Government's elicitation of interpretive testimony from cooperating witness Jonathan Gonzalez regarding chat messages between Jerell Shaw and Malik Dilema—a conversation in which Gonzalez was not a participant, and a conspiracy (the kidnapping and murder) of which Gonzalez was not a member.

## Procedural Posture

During Mr. Gonzalez's direct examination on February 26, 2026, defense counsel objected that "Mr. Gonzalez is not on this chat" and that it was not appropriate for him to "interpret a chat that he's not a part of." Tr. at 3310. The Government responded that Gonzalez "knows both of them" and that "they are using gang lingo in the chat that he can interpret based on his knowledge of the gang." *Id.* The Court drew a distinction between permissibly "translating a commonly used abbreviation" and impermissibly "giving an interpretation … in terms of meaning to a back and forth," which the Court described as "a bridge too far." Tr. at 3311, 3320. The Court directed the Government to identify the exhibits so the Court could review them over the weekend. Tr. at 3321.

## The Proposed Testimony Exceeds the Bounds of Lay Opinion Under Rule 701

Federal Rule of Evidence 701 permits lay opinion testimony only where the opinion is (a) rationally based on the witness's perception, (b) helpful to the trier of fact, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702. The Government proposes to have Gonzalez interpret the meaning of a private conversation between Mr. Shaw and Malik Dilema—a conversation Gonzalez did not participate in, did not witness, and did not help compose. Put another way, Gonzalez is not offering testimony based

on his perception. He is being asked to define language in texts from years ago of which he did not participate. Moreover, his testimony is not being elicited to provide clarity to his own testimony but rather to clarify and define the statements of the defendants and a third party. This testimony fails Rule 701's threshold requirement of personal perception.

The Second Circuit has drawn a clear line on this issue. In *United States v. Yannotti*, 541 F.3d 112, 126–27 (2d Cir. 2008), the Court held that "where a witness derives his opinion solely from insider perceptions of a conspiracy *of which he was a member*, he may share his perspective as to aspects of the scheme about which he has gained knowledge" as a lay witness under Rule 701 (emphasis added). The Court simultaneously established the negative corollary:

> [A]n investigative agent who offers an opinion about the conduct or statements of conspirators based on his general knowledge of similar conduct learned through other investigations, review of intelligence reports, or other special training, does not meet the requirements of Rule 701 and must qualify as an expert pursuant to Rule 702.

*Id.* at 126 n.8 (citing *United States v. Garcia*, 413 F.3d 201, 216 (2d Cir. 2005)). *See also United States v. Rigas*, 490 F.3d 208, 225 (2d Cir. 2007) (lay interpretation permissible where witness made "first-hand observations" and was directly aware of the organization's conduct).

Gonzalez's situation falls squarely on the impermissible side of the *Yannotti* line. He was not a coconspirator in the charged conspiracy between Mr. Shaw and Dilema involving the kidnapping and murder. He was not privy to their private communications. His ability to interpret their conversation derives not from insider participation in that particular scheme, but from his general experience as a gang member—precisely the type of "general knowledge of similar conduct" that the Second Circuit has held requires qualification as an expert under Rule 702. *Garcia*, 413 F.3d at 216.

### Translation Is Permissible; Interpretation of A Back-And-Forth Is Not

The defense does not object to Gonzalez identifying, for example, that the nickname "Chop" refers to Lesly Pardo, or that "the As" refers to the AC Crips. Identifying a person by a known alias is essentially translation—a one-to-one substitution that any associate could provide and that the Court has already permitted without objection.

But the Government's proffer goes far beyond that. It seeks to have Gonzalez narrate the *meaning* of the back-and-forth between Mr. Shaw and Dilema—to explain what they were *thinking*, what they *intended*, and what *conclusions* should be drawn from the exchange. That is materially different from identifying a nickname. It requires the witness to infer unstated premises, supply context he did not perceive, and provide the jury with conclusions about the communicative intent of third parties. As the Court recognized, this is "a bridge too far." Tr. at 3320.

*United States of America v. Akeem Chambers*, Case No. 23 Cr. 157 (JMA)
March 1, 2026

This distinction is well grounded in Second Circuit precedent. In *United States v. Aiello*, 864 F.2d 257, 265 (2d Cir. 1988), the Court permitted interpretive testimony only because the conversation was "punctuated with ambiguous references to events that are clear *only to the conversants*." Gonzalez was not a conversant. The foundational premise of *Aiello* is therefore absent.

### If the Testimony Is Based on Gang-Specific Expertise, It Falls Under Rule 702 and Triggers Expert-Disclosure Requirements

If Gonzalez is competent to interpret the Shaw-Dilema conversation because of his specialized knowledge of gang culture, terminology, and internal dynamics, then he is functioning as an expert witness. The 2000 amendment to Rule 701(c) was enacted specifically to prevent this scenario—to ensure that a party "will not evade the expert witness disclosure requirements set forth in … Fed. R. Crim. P. 16 by simply calling an expert witness in the guise of a layperson." Fed. R. Evid. 701 advisory committee's note (2000); *see also Hirst v. Inverness Hotel Corp.*, 544 F.3d 221, 228–29 (3d Cir. 2008) (emphasizing that Rule 701(c) prevents circumvention of expert disclosure requirements).

The Government never noticed Gonzalez as an expert under Federal Rule of Criminal Procedure 16(a)(1)(G). The defense has been afforded no expert report, no disclosure of the basis for his opinions, and no opportunity to prepare for or challenge his interpretive testimony through a *Daubert* hearing or otherwise. Rule 16(a)(1)(G) requires "a complete statement of all opinions that the government will elicit" from an expert witness. *See United States v. Ricker*, 983 F.3d 987, 1000 (8th Cir. 2020); *United States v. Anderson*, 446 F.3d 870, 875 (8th Cir. 2006). Noncompliance warrants remedies including preclusion of the undisclosed testimony. *See United States v. Lopez*, 798 F. App'x 688, 691 (2d Cir. 2020).

This Court, however, is obligated to act as a gatekeeper for expert testimony. *See Daubert v. Merrel Dow Pharm., Inc*, 509 US 579, 597 (1993).  This applies with equal force for all expert witnesses and not only those who put forth scientific testimony. *See Kumho Tire Co. v. Carmichael,* 526 U.S. 137, 147 (1999); *see also, United States v. Daskal*, 21 Cr 110 (NGG)(LB)(E.D.N.Y. July 12, 2023).

Because the Government has conceded that the phrases or words *need* defining and explanation, they automatically are the subject matter "beyond the ken of the average juror." *United States v. Mejia*, 545 F.3d 179, 191 (2d Cir. 2008). To be clear, "whether a witness is testifying as an expert or non-expert depends on whether his testimony is based on personal perceptions of the matters in issue on the one hand or his specialized knowledge of issues relevant to the case on the other." *United States v. Johnson*, Case No. 16 Cr. 457 (NGG), 2017 U.S. Dist. LEXIS 226960, at *5-6 (E.D.N.Y. Aug. 3, 2017); *see also United States v. Langhorne*, Case No. 20 Cr 235 (JS) (E.D.N.Y. Aug. 2023). Consequently, for Gonzalez to be allowed to define said phrases or words, he must meet the requirements of Rule 702—*and* proper notice must have been provided to the defendants.

*United States of America v. Akeem Chambers*, Case No. 23 Cr. 157 (JMA)
March 1, 2026

None of this, as the Government disingenuously suggested, is a "frivolous" objection or a "last-minute motion." Tr. at 3318. It is a fundamental challenge to the admissibility of interpretive testimony that exceeds the bounds of lay opinion—an objection that could not be raised until the Government attempted to elicit the testimony in question.

Because defense counsel failed to raise an objection when the Government elicited similar testimony during the direct examination of cooperating witness Todd Brant, counsel for the Government disingenuously described the defense motions as "frivolous." *Id.*

This characterization conveniently ignores the procedural history of this case.

As the record reflects, defense counsel repeatedly asked the Government to disclose its massive exhibit tranche well in advance of trial, to no avail. Counsel made this request for a simple yet obvious reason—to ensure that the defendants received effective assistance of counsel. The Government's refusal to provide the defense with adequate notice, along with its failure to comply with Rules 703 and 16, has, predictably—as the attorney for the Government pointed out—resulted in defense counsel missing meritorious objections. Tr. 3318-3319.

### The Interpretive Testimony Invades the Province of the Jury

The jurors will have the Shaw-Dilema chat messages before them. They are fully competent to read the words on the screen and to draw their own conclusions about the meaning of the exchange. Permitting Gonzalez to overlay his interpretive gloss on a conversation he was not part of does not merely "help" the jury—it supplants the jury's independent assessment with the cooperator's narrative. The risk is acute here: Gonzalez is a cooperating witness with a powerful incentive to cast the evidence in the light most favorable to the Government. His interpretation is not neutral translation; it is advocacy dressed as testimony. Once testimony moves beyond identifying an abbreviation and becomes an interpretation of an exchange, the witness necessarily supplies an overlay that can supplant the jury's independent reading of the messages.

### Anticipated Government Reliance on "Ambiguous Conversation" Cases Is Distinguishable

The Government may cite authority permitting lay interpretation of ambiguous conversations by law enforcement officers where the interpretation is grounded in the officer's direct knowledge of the investigation, including extensive monitoring of intercepted communications. *See, e.g., United States v. Gadson*, 763 F.3d 1189, 1204–05 (9th Cir. 2014); *United States v. Perez*, 962 F.3d 420, 440–41 (9th Cir. 2020).

Those cases are distinguishable. In each, the interpreting witness had an *investigation-based foundation*—direct involvement in surveillance, monitoring of intercepted calls, or debriefings that gave the witness firsthand familiarity with the specific participants and their

Page **5** of **6**
*United States of America v. Akeem Chambers*, Case No. 23 Cr. 157 (JMA)
March 1, 2026

coded references. Here, the Government has not described any comparable foundation for Gonzalez. Instead, it has invoked his generalized gang knowledge as the reason he can interpret third-party chats. That is the precise basis the Second Circuit held insufficient in *Garcia*, 413 F.3d at 216.

## Requested Relief and Proposed Order

For the foregoing reasons, defendant Chambers respectfully requests that the Court enter an order providing as follows:

1. <u>Primary relief (striking and preclusion)</u>: Testimony previously elicited from Jonathan Gonzalez regarding the interpretation of chat messages or communications to which he was not a party and which he did not personally perceive, draft, send, or receive shall be struck from the record. The Government shall be precluded from eliciting from Gonzalez any further testimony interpreting the meaning, significance, intent, context, or substance of any chat messages or communications to which he was not a party and which he did not personally perceive, draft, send, or receive.

2. <u>Permitted translation testimony</u>: The Government may elicit only one-to-one identifications, including (a) the identity of a person referenced by a known nickname or alias, and (b) the meaning of a commonly used abbreviation, provided the Government lays a foundation that Gonzalez is familiar with the nickname or abbreviation as used by the relevant group.

3. <u>Alternative procedural relief</u>: If the Court is inclined to permit more than translation, the Government should be required to (a) provide defense counsel and the Court an advance written proffer identifying each phrase at issue and the precise testimony sought, and (b) submit to voir dire of the witness outside the presence of the jury with line-by-line rulings before publication.

4. <u>Rule 16 alternative relief</u>: If any interpretive testimony is treated as expert in nature, the Government must comply with Federal Rule of Criminal Procedure 16(a)(1)(G) as to all opinions and bases it intends to elicit, and the Court should order the least severe remedy necessary to cure any prejudice, up to and including preclusion of undisclosed opinions.

## Proposed Limiting Instruction

If the Court permits limited translation testimony, the defense respectfully requests a contemporaneous limiting instruction advising the jury that: the witness is only identifying nicknames and abbreviations as he understands them; the jury must determine for itself what the messages mean; and the witness is not testifying about what the chat participants intended, thought, or meant to communicate to each other.

Page **6** of **6**
*United States of America v. Akeem Chambers*, Case No. 23 Cr. 157 (JMA)
March 1, 2026

Thank you very much for your consideration in this matter.

Respectfully submitted,

Steve Zissou, Esq.
Glenn Obedin, Esq.
Daniel Russo, Esq.
Xavier Donaldson, Esq.

SZ/jc